JUSTICE WEBER
dissents as follows:
Following are pertinent provisions of § 3-1-804, MCA, which should be considered on the issues in this case:
3-1-804. Substitution of district judges.
1. Amotion for substitution of a district judge may be made by any party to a proceeding only in the manner set forth herein. In a civil or criminal case, each adverse party, including the state, is entitled to one substitution of a district judge.
(b)... It shall be the duty of the clerk of court to stamp the name of the judge to whom the case is assigned on the face of the initial *401 pleading, complaint, order to show cause, or information, and all copies thereof.
(c) When a judge is assigned to a cause for (20) consecutive days after service of summons, or ten (10) days after service of an order to show cause, information or other initiating document, and no motion for substitution of judge has been filed [within] said time period, the right to move for substitution of a judge shall be deemed waived. ... After the time period shall have run as to the original parties to the proceeding, no party who is joined or intervenes thereafter shall have any right of substitution, except that one third party defendant who is not an original party in any pending case may have a right of one substitution within twenty (20) days after the service upon the third party defendant of a third party complaint.
(e) Any motion for substitution which is not timely filed is void for all purposes. The judge for whom substitution is sought shall have jurisdiction to determine timeliness, and if the motion for substitution is untimely, shall make an order declaring the motion void.
The following are key points to be considered in this case: A motion for substitution may be made “only” in the manner set forth in the rule. In a civil case each party is entitled only to “one” substitution. The clerk of court stamps the name of the judge to whom the case is assigned on the face of the complaint with the result that the Challinors had knowledge of the judge to whom the case was assigned from the time of filing of their complaint.
In substance the majority opinion concludes:
Areasonable interpretation of the statute, which would also ensure the most consistent application of this provision, is that the right of any party ... to move for judicial substitution is not waived until a judge is assigned to a cause for 20 consecutive days after all of those defendant have been served.
I disagree with the conclusion that the foregoing is a reasonable interpretation of § 3-1-804, MCA.
On November 28, 1990, the plaintiffs Challinors filed their complaint and had knowledge on that date that Judge Keller had been assigned the case. On January 9, 1991, Challinors caused the summons to be served on defendant Remick. On February 26, 1991, *402 Challinors caused the summons to be served on Glacier National Bank.
At issue here is the time allowed to plaintiffs Challinors to file their motion for substitution. Because the rule triggering date is the date of service of summons, even though Challinors knew the identity of the assigned judge on November 28,1990, the earliest date on which the rule could be applied to them is 20 days after the service of summons on Remick on January 9, 1991.1 suggest that the reasonable interpretation of the rule is that within 20 days after the summons was served on Remick on January 9, 1991, the Challinors and Remick were required to file any motion for substitution. I further suggest that within 20 days after February 26, 1991, when summons was served on the Bank, it was required to file any motion for substitution.
The foregoing interpretation is consistent with the statute which emphasizes that a motion must be made as provided only in the rule. This interpretation is fair to plaintiffs Challinors as it gives them from November 28, 1990 to January 29, 1991 within which to make a motion for substitution. As to defendant Remick he would have until January 29,1991. The Bank after being served on February 26,1991, would have until March 18, 1991, in which to file a motion.
The rule is already more than fair,to plaintiff's such as the Challinors as they are granted 20 days after service of summons, even though they have had knowledge of the judge to whom the case was assigned from the date of the filing of their complaint. I emphasize that the majority opinion essentially eliminates the primary purpose of the rule which is to require substitution to take place promptly and thereby eliminate that which is now allowed under the majority opinion — in a multi-defendant case, all the plaintiff need do is wait to serve one named defendant or John Doe defendant, and he then preserves the right to move for substitution of the judge until any time he chooses in the course of the litigation. The obvious purpose of the rule is to keep from having the rule interpreted as the majority has done. The result of the majority opinion is that where one named party has not been served, the plaintiff or plaintiffs and all defendants may control the litigation by moving to substitute a judge at any stage of the proceeding, including at the time of trial. Obviously nothing of that nature was contemplated under the rule.
From the wording of the majority opinion, it appears that the majority may have been influenced by the fact that within three days after the service on the Bank, the Challinors did file a motion for *403 substitution which was three days after the service on the Bank and only a relatively short time after the service on Remick. If that time frame influenced the majority, I would point out that under my suggested interpretation of the rule which would require the Challinors to file their motion by January 29,1991, they were given 60 days from the date on which they acquired the knowledge of the name of the district judge to whom their case was assigned. Sixty days is an ample time.
I would affirm the determination of the District Court.
CHIEF JUSTICE TURNAGE concurs in the foregoing dissent.